# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08CR00020 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LEONARD GLEN SKEENS**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis E. Jones, Lebanon, Virginia, for Defendant.*

The defendant objects to the base offense level assigned to him in the Presentence Investigation Report, maintaining that it should be reduced under the advisory sentencing guidelines because he possessed firearms seized at his residence solely for lawful collection purposes. *See* United States Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(2) (2008). For the reasons set forth in this opinion, I will overrule the defendant's objection.[1]

---

[1] While I must begin the sentencing process by "correctly calculating the applicable Guidelines range," *Gall v. United States*, 128 S. Ct. 586, 596 (2007), I may reject a sentence within the range "because a sentence within the Guidelines fails to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008) (quoting *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)).

Based on evidence presented at an evidentiary hearing on the objection, I find the following facts.

The defendant, Leonard Glen Skeens, lives with his wife and their eight-year old child in rural Russell County, Virginia. While serving an arrest warrant on the defendant at his home in an unrelated matter, officers of the local Sheriff's Department observed firearms in the home, as well as a gun safe. Knowing that the defendant had previously been convicted of a felony, the officers obtained a search warrant and seized forty-eight firearms.

The officers found some of the guns in the locked gun safe, located in the defendant's hobby workroom on the first floor. In that same room but outside the safe, the officers discovered five long guns and ammunition reloading equipment, including gunpowder, and a locked gun cabinet on the second floor contained other firearms. The search also revealed a loaded .32-caliber revolver kept in a bedside drawer in the Skeens' joint bedroom.

All of the firearms seized from the home were those that Mrs. Skeens inherited from her father when he died in 2006. She kept them for "sentimental" reasons, except for the .32 revolver. It was also inherited by Mrs. Skeens from her father, but she kept it near their bed for personal protection because their home had been previously burglarized.

After the search, the defendant was charged in this court with unlawful possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), to which he pleaded guilty. In preparation for sentencing, the probation officer assigned the defendant a base offense level of fourteen pursuant to USSG § 2K2.1(a)(6) (2008).

Considering all of the relevant circumstances, I find that the defendant has not met his burden of proof required to reduce his base offense level under USSG § 2K2.1(b)(2).

That provision directs the court to decrease a defendant's base offense level to six "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition . . . ." USSG § 2K2.1(b)(2). The defendant has the burden to prove that he qualifies for a reduction. *See United States v. Truelson*, 169 F.3d 1173, 1174 (8th Cir. 1999).[2]

---

[2] Though the defendant's wife owned the guns seized from the house, the defendant at the least constructively possessed them, and therefore may share his wife's status as a collector. *See United States v. Mojica*, 214 F.3d 1169, 1171-74 (10th Cir. 2000) (holding that a defendant who had constructively possessed a shotgun that was owned by his brother and used solely for lawful sporting purposes was entitled to a reduction under USSG § 2K2.1(b)(2)); *United States v. Moit*, 100 F.3d 605, 606-07 (8th Cir. 1996) (holding that a defendant who had maintained his father's gun collection at his home deserved a reduction under USSG § 2K2.1(b)(2)).

Whether the defendant possessed the firearms for sporting or collection purposes is to be determined by relevant surrounding circumstances, such as "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history . . . , and the extent to which possession was restricted by local law." USSG § 2K2.1 cmt. n.6 (2008).

The defendant has presented no evidence that the firearms found in the gun safe, gun cabinet, or hobby workroom are of the type normally included in a gun collection. Nor has any evidence been offered to demonstrate that they were used for sporting purposes. That they were kept for "sentimental" reasons does not merit a reduction.[3]

For these reasons, I will overrule the objection to the guideline calculation.

It is so **ORDERED**.

---

[3] In addition, of course, Mrs. Skeens kept a handgun next to their bed for personal protection, a purpose not considered under USSG § 2K2.1(b)(2). Mrs. Skeens had a right protected by the Second Amendment to keep a handgun in her home for protection. *See District of Columbia v. Heller*, 128 S. Ct. 2783, 2817-19 (2008). While the Second Amendment does not immunize the possession of a firearm by a convicted felon, *see id.* at 2816-17, it does seem incongruous to sentence Mr. Skeens more harshly in part because of his wife's constitutionally-protected possession of a firearm. In light of the failure of proof that the other forty-seven firearms were possessed for collection purposes, I need not consider this handgun in determining that the defendant is not entitled to a reduced offense level.

- 4 -

ENTER: December 19, 2008

/s/ JAMES P. JONES
Chief United States District Judge