# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00020 |
| v. | ) **OPINION AND ORDER** |
| **LEONARD GLEN SKEENS**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis E. Jones, Lebanon, Virginia, for Defendant.*

The defendant, Leonard Glen Skeens, was sentenced in this court following his conviction of unlawful possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), to which he pleaded guilty. In preparation for sentencing, the probation officer assigned the defendant a base offense level of 14 pursuant to United States Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(6) (2008). The defendant objected, contending that his base offense level should be reduced to six because he possessed the firearms seized at his residence solely for lawful collection purposes. *See* USSG § 2K2.1(b)(2) (2008).

The objection was overruled, the court finding that the defendant had not shown his entitlement to the guideline provision in question. *United States v. Skeens*, No. 1:08CR00020, 2008 WL 5265686, at *2 (W.D. Va. Dec. 19, 2008). Because of

that decision, the defendant's total offense level was 17, with a criminal history category of 1, resulting in a range under the advisory sentencing guidelines of 24 to 30 months imprisonment. The defendant was then sentenced to six months imprisonment.

The defendant has noted an appeal and has now moved that his sentence be stayed and that he be allowed to remain on bond during the appeal process. In his motion, the defendant asserts that the issue on appeal will be the application of USSG § 2K2.1(b)(2).

The Bail Reform Act provides that a defendant who has been sentenced to imprisonment and who has filed an appeal must be detained unless the judicial officer finds that he is not likely to flee or pose a danger and

> that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b)(B)(1) (West 2000).

I cannot find that an appeal will likely result in a reversal, in light of the fact that the determination of the application of § 2K2.1(b)(2) in this case was simply a factual issue. Moreover, even if this court were to apply the "lawful collection purpose" reduction, the resulting guideline would still produce a sentencing range of zero to six months. The court imposed a sentence within that range and would not have imposed a lesser sentence even if that had been the proper range.

For these reasons, it is **ORDERED** that the Motion to Stay Judgment and for Bond Pending Appeal (47) is DENIED.

ENTER: February 2, 2009

/s/ JAMES P. JONES
Chief United States District Judge